**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MICKI HUNTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 3:10-1164** |
| **v.** | ) | |
| | ) | **Judge Trauger/Bryant** |
| **THE BANK OF NEW YORK** | ) | |
| **MELLON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

TO:    **The Honorable Aleta A. Trauger**

## REPORT AND RECOMMENDATION

The pro se Plaintiff Micki Hunter has filed a motion styled "Exparte Motion for

Declaratory Judgment and Expeditious Preliminary Injunction and in Due Course Permanent

Injunction." (Docket Entry No. 2.) This motion is before the undersigned Magistrate Judge for a

report and recommendation. (Docket Entry No. 4.) Because the material facts pertinent to this

motion are undisputed and the resolution of the motion is based on legal findings, the

undersigned finds that no hearing is necessary on the matter. Certified Restoration Dry Cleaning

Network, L.L.C. v. Tenke Corp., 511 F.3d 535, 552-53 (6th Cir. 2007).

For the reasons stated below, the undersigned recommends that Plaintiff's motion for

injunctive relief and declaratory judgment be denied.

### Statement of Facts

Plaintiff entered into a mortgage agreement to purchase a home located at 1730 Knowles

Street, Nashville, Tennessee. (Compl. ¶ 4.) Eventually, her mortgage was sold to Defendant

1

Bank of New York Mellon, ("Mellon"). (Compl. ¶ 4.) The mortgage note originally required a monthly payment of $500, which was increased over time to a monthly payment of $1,100. (Compl. ¶ 5.) As a result of the increased monthly payment, Plaintiff sought a modification agreement with Defendant Mellon as the increased payment amount exceeded half of her take-home pay. (Compl. ¶ 8.) During the modification negotiations, Defendant Mellon foreclosed the mortgaged property and sold it to a third party. (Compl. ¶¶ 9, 11.) Defendant Mellon, through counsel and co-defendants McCalla Raymer, PLLC, ("McCalla") and attorney Michael J. McCormick, filed a petition for detainer against Plaintiff in the General Sessions Court for Davidson County in Nashville, Tennessee. (Compl. ¶ 12.) On October 1, 2010, a hearing in the detainer matter was held before Judge Gloria A. Dumas. (Compl. ¶ 14.) Judge Dumas determined that the evidence presented was insufficient to order the detainer and rescheduled the matter for hearing on October 22, 2010. (Compl. ¶ 15.) On October 22, 2010, the case was transferred to Defendant Judge Michael F. Mondelli for ruling. (Compl. ¶ 16.) Defendant Mondelli granted Defendant Mellon's petition for detainer against Plaintiff. (Docket Entry No. 12-1; Compl. ¶ 17.) Plaintiff timely filed a notice of appeal to the Circuit Court, but then filed this case in federal court, resulting in dismissal of her state court appeal. (Docket Entry Nos. 12-2, 12-3.)

## Statement of the Case

Plaintiff filed her Complaint against Defendants in this Court on December 12, 2010, alleging due process violations, conspiracy, fraud, and violations of 42 U.S.C. §§ 1983 and 1985, in connection with the state court detainer proceeding. (Compl. ¶ 6.) Plaintiff also filed an ex parte motion for declaratory judgment and preliminary injunction pursuant to Federal Rules of Civil Procedure 57 and 65. (Docket Entry No. 2.) Plaintiff seeks a declaratory judgment (1) to

determine the relation of the parties to this litigation; (2) to determine the right of plaintiff as it relates to the mortgage loan; (3) to determine the validity of the petition for detainer and adjudication of the General Sessions Court; and (4) to determine the jurisdiction of the General Sessions Court to hear and decide the civil action filed by Defendant McCalla, on behalf of Defendant Mellon. (Docket Entry No. 2, Pl.'s Mot. at 1.) Plaintiff also seeks injunctive relief from enforcement of the detainer judgment granted against her. (Docket Entry No. 2, Pl.'s Mot. at 2.)

## Legal Discussion

The Rooker-Feldman doctrine "prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." Doscher v. Menifee Circuit Court, 75 Fed. Appx. 996, at *2 (6th Cir. Sept. 24, 2003) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)); see also Patmon v. Mich. Supreme Court, 224 F.3d 504, 506-07 (6th Cir. 2000). Under this doctrine, "a federal district court may not hear an appeal of a case already litigated in state court." Doscher, 75 Fed. Appx. at 997; Wellman v. Nat'l City Mortgage Co., 2008 WL 2329228, at *2 (S.D. Ohio June 4, 2008). In Doscher, the pro se plaintiff, pursuant to § 1983, sued in federal district court alleging that, in a foreclosure proceeding, "the state court: (1) violated his personal and civil rights; (2) accepted an improper lawsuit; (3) did not comply with the Kentucky Rules of Civil Procedure; (4) displayed favoritism to the bank; and (5) entered judgment for the bank without giving him notice." Doscher, 75 Fed. Appx. at 997. He asked the court to "block the sale of his house, reopen the state court case, and award him monetary damages." Id. After review of the district court's dismissal, the Sixth Circuit affirmed the decision and held that both Younger

abstraction[1] and the Rooker-Feldman doctrine applied to the case to deprive the court of jurisdiction. Id.

In Wellman, the plaintiffs entered into a mortgage and thereafter filed for bankruptcy. Wellman, 2008 WL 2329228, at *2. The mortgage company defendants filed for foreclosure on the mortgage, which the trial court granted and the court of appeal affirmed, and the plaintiffs counterclaimed for fraud, which was dismissed by the trial court. Id. The defendants then purchased the real estate at a foreclosure sale and a writ of possession was issued to the sheriff of the county to remove the plaintiffs from the property. Id. Plaintiffs then filed a federal action, requesting a temporary restraining order to enjoin the writ of possession and bringing a cause of action for fraud against the defendants. Id. The court, applying Doscher, determined that it lacked jurisdiction to order the requested injunctive relief under Younger, Rooker-Feldman, and, alternatively, the Anti-Injunction Act. Id.

In this case, Plaintiff is seeking federal review of the state judgment entered by Defendant Mondelli, the General Sessions Court Judge for Davidson County, and injunctive and declaratory relief from the judgment. Plaintiff essentially "ask[s] this Court to do the very thing that the *Rooker-Feldman* doctrine forbids." Doscher, 75 Fed. Appx. at 997; Wellman, 2008 WL 2329228, at *2. Thus, the undersigned finds that this Court lacks jurisdiction to order the declaratory and injunctive relief that Plaintiff requests. Accordingly, her motion for such relief should be denied.

---

[1]  The Younger abstention doctrine minimizes federal court interference where there are ongoing state court proceedings involving the  would-be federal plaintiffs that are judicial in nature, the state proceedings implicate important state interests, and the state proceedings afford an adequate opportunity to raise the federal claims. Younger v. Harris, 401 U.S. 37 (1971). Younger abstention has not been argued in this case, nor has the undersigned addressed it in the context of the instant motion and the jurisdictional issue it presents.

In summary, the undersigned finds that this Court lacks subject matter jurisdiction to hear Plaintiff's motion for declaratory and injunctive relief, as well as the count of her complaint praying for "relief enjoining defendants from detaining her from her residence/reverse adjudication of General Session Court," pursuant to the <u>Rooker-Feldman</u> doctrine.

## **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's motion for injunctive relief and declaratory judgment be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

**ENTERED** this 3rd day of August, 2011.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge