IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICKI HUNTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BANK OF NEW YORK MELLON, )<br>*et al.*, )<br>)<br>Defendants. )<br>) | Case No. 3:10-1164<br>Judge Trauger |

## MEMORANDUM AND ORDER

Pending before the court is the Magistrate Judge's August 3, 2011 Report and Recommendation ("R&R") (Docket No. 30), which recommended that the plaintiff's *Ex Parte* Motion for Declaratory Judgment and Expeditious Preliminary Injunction and in Due Course Permanent Injunction ("*ex parte* motion") (Docket No. 2) be denied. The plaintiff, Micki Hunter, proceeding *pro se*, has filed objections to the R&R (Docket No. 35).

## BACKGROUND

In the R&R regarding the plaintiff's *ex parte* motion, the Magistrate Judge summarized the factual background:

> Plaintiff entered into a mortgage agreement to purchase a home located at 1730 Knowles Street, Nashville, Tennessee. Eventually, her mortgage was sold to Defendant Bank of New York Mellon, ("Mellon"). The mortgage note originally required a monthly payment of $500, which was increased over time to a monthly payment of $1,100. As a result of the increased monthly payment, Plaintiff sought a modification agreement with Defendant Mellon as the increased payment amount exceeded half of her take-home pay. During the

1

> modification negotiations, Defendant Mellon foreclosed the mortgaged property and sold it to a third party.
>
> Defendant Mellon, through counsel and co-defendants McCalla Raymer, PLLC, ("McCalla") and attorney Michael J. McCormick, filed a petition for detainer against Plaintiff in the General Sessions Court for Davidson County in Nashville, Tennessee. On October 1, 2010, a hearing in the detainer matter was held before Judge Gloria A. Dumas. Judge Dumas determined that the evidence presented was insufficient to order the detainer and rescheduled the matter for hearing on October 22, 2010. On October 22, 2010, the case was transferred to Defendant Judge Michael F. Mondelli for ruling. Defendant Mondelli granted Defendant Mellon's petition for detainer against Plaintiff. Plaintiff timely filed a notice of appeal to the Circuit Court, but then filed this case in federal court, resulting in dismissal of her state court appeal.

(Docket No. 30 at 1-2 (citations omitted and paragraph break added).)

On December 10, 2010, the plaintiff filed her Complaint against the defendants, alleging violations of the due process clause of the Fourteenth Amendment of the U.S. Constitution, fraud, breach of contract, and violations of 42 U.S.C. §§ 1983 and 1985. (Docket No. 1 at 5-6.) The Complaint further alleges that the plaintiff was deprived of a fair and impartial trial by the General Sessions Court and that the court lacked jurisdiction to adjudicate the petition for detainer. *(Id.* at 5.) In addition to the Complaint, on December 10, 2010, the plaintiff filed an *ex parte* motion seeking a declaratory judgment and injunctive relief pursuant to Federal Rules of Civil Procedure 57 and 65 (Docket No. 2).[1] The plaintiff seeks a declaratory judgment:

> 1. To determine the relation of the parties to this litigation.
> 2. To determine the right of plaintiff as it relates to the mortgage loan.
> 3. To determine the validity of the petition for detainer and [the] adjudication of the General Session[s] Court.

---

[1] The plaintiff also seeks injunctive relief in the Complaint. (Docket No. 1 at 6.) Specifically, she requests that this court "grant injunctive relief enjoining defendants from detaining her from her residence/ reverse adjudication of General Session[s] Court." (*Id.*)

2

> 4. To determine the jurisdiction of the General Session[s] Court to hear and decide the civil action filed by McCalla Raymer, PLLC on behalf of Bank of New York Mellon.

(*Id*. at 1.) Moreover, the plaintiff requests that the court enjoin enforcement of the judgment of the General Sessions Court granting the petition for detainer. (*Id.* at 2.)

The Magistrate Judge found that the court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine to hear the plaintiff's *ex parte* motion seeking declaratory and injunctive relief, as well as the count of her Complaint requesting "relief enjoining defendants from detaining her from her residence/ reverse adjudication of General Session Court." (Docket No. 30 at 5.) Accordingly, the Magistrate Judge recommended that the plaintiff's *ex parte* motion for declaratory judgment and injunctive relief be denied. (*Id.*) On August 17, 2011, the plaintiff filed her objections to the R&R (Docket No. 35).

## **ANALYSIS**

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the Report and Recommendation to which a party specifically objects. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). Accordingly, this court will review the Magistrate Judge's analysis of the plaintiff's *ex parte* motion *de novo*.

The plaintiff specifically objects to the Magistrate Judge's application of the *Rooker-Feldman* doctrine to her *ex parte* motion. The plaintiff also objects to the R&R's omission of

certain allegations from the Complaint.² As to this latter objection, the court shall consider the omitted allegations to the extent they bear on the Magistrate Judge's *Rooker-Feldman* analysis. With the exception of these two specific objections, the plaintiff raises general objections without citing specific portions of the R&R.

The *Rooker-Feldman* doctrine is derived from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). In general, the doctrine provides that a federal district court lacks subject matter jurisdiction to conduct an appellate review of a state court decision. *Pittman v. Cuyahoga Cnty. Dep't of Children and Family Servs.*, 241 Fed.Appx. 285, 287 (6th Cir. 2007). In summarizing the doctrine, the Supreme Court stated:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). In light of the *Exxon* decision, the Sixth Circuit Court of Appeals has "distinguished

---

² Some of the omitted material the plaintiff cites in her objections either constitutes legal argument ("The [M]agistrate [Judge] fails to consider the lack of jurisdiction of the General Session[s] [C]ourt in totality") or is otherwise unclear ("During the modification agreement[,] the defendant never made a determination or notified [plaintiff] of a determination"). (*See* Docket No. 35 at 2.) The plaintiff otherwise asserts that the Magistrate Judge failed to consider: (1) that the mortgage provisions provided her with a right of reinstatement by paying off the arrearage; and (2) that defendants Mellon, McCalla, and McCormick failed to notify her of the foreclosure proceeding and improperly foreclosed on the property during mortgage modification negotiations. (*Id.*)

4

between plaintiffs who bring an impermissible attack on a state court judgment - situations in which *Rooker-Feldman* applies - and plaintiffs who assert independent claims before the district court - situations in which *Rooker-Feldman* does not apply." *Pittman*, 241 Fed.Appx. at 287. In making this distinction, the Court of Appeals noted:

> The inquiry [examines] the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

In the present case, the Magistrate Judge did not apply the "source of the injury" test while undertaking the *Rooker-Feldman* analysis. Instead, the R&R cited precedent from this circuit pre-dating the Supreme Court's *Exxon* decision and the Court of Appeals' subsequent formulation of the "source of the injury" test.[3] (Docket No. 30 at 3.) Relying on this precedent, the Magistrate Judge concluded that the court lacked subject matter jurisdiction because the plaintiff's *ex parte* motion sought federal review of the state court judgment entered by defendant Mondelli. (*Id.* at 4.) In this court's view, the finding of the Magistrate Judge regarding the plaintiff's *ex parte* motion is too broad.

It is true that aspects of the plaintiff's *ex parte* motion seek federal district court review of a state court judgment. For instance, the plaintiff requests a declaratory judgment to (1) determine the validity of the petition for detainer and the adjudication of the General Sessions

---

[3] In particular, the R&R cited *Doscher v. Menifee Circuit Court*, 75 Fed.Appx.996, 997 (6th Cir. 2003) for the general proposition that the *Rooker-Feldman* doctrine precludes a federal court from asserting jurisdiction over an appeal of a state court decision. (Docket No. 30 at 3.)

5

Court and (2) to determine the jurisdiction of the General Sessions Court to adjudicate the petition for detainer. (Docket No. 2. at 1.) These requests for declaratory judgment constitute impermissible attacks on a state court judgment, and this court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine to hear such requests. Moreover, to the extent the plaintiff's *ex parte* motion seeks injunctive relief from the judgment of the General Sessions Court on the grounds that the judgment itself is improper or illegal, the *Rooker-Feldman* doctrine would similarly preclude this court from reviewing such a request for relief.

However, the plaintiff's *ex parte* motion also seeks declaratory and injunctive relief on grounds that are independent of the judgment of the General Sessions Court and do not rest solely on injuries arising from the state court decision itself. Indeed, in addition to claiming injuries from the state court decision, the plaintiff's Complaint also asserts claims arising from the conduct of third parties. For instance, the Complaint alleges, among other things, that: (1) defendants Mondelli, McCalla, and McCormick formed a conspiracy to grant the petition for detainer; (2) defendant McCormick improperly influenced the General Sessions Court; (3) defendants Mellon, McCalla, and McCormick obtained the state court judgment by fraud; and (4) defendant Mellon breached the mortgage agreement it had with the plaintiff. (Docket No. 1 at 5-6.) Similarly, the plaintiff seeks injunctive relief on the grounds that defendant Mellon failed to notify her of the foreclosure and that defendants Mellon, McCalla, and McCormick engaged in fraud in bringing the detainer action in the General Sessions Court. (Docket No. 2 at 2.)

This court is not ruling on the merits of any of these claims. But, because the plaintiff's request for declaratory and injunctive relief rests, in part, on injuries arising from the conduct of

third parties, the Magistrate Judge should not have concluded that the district court completely lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine to hear the plaintiff's *ex parte* motion.

Notwithstanding the court's findings as to the Magistrate Judge's R&R, the plaintiff's *ex parte* motion must nonetheless be denied. When seeking a declaratory judgment, "a party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment." *Kam-Ko Bio-Pharm Trading Co., LTD-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009) (internal quotations and citations omitted). The Federal Rules of Civil Procedure "govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." Fed. R. Civ. P. 57. Accordingly, "the requirements of pleading and practice in actions for declaratory relief are exactly the same as in other civil actions." 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2768 (3ed. 1998). Thus, "the action is commenced by filing a complaint." *Id.* In the present case, the plaintiff's *ex parte* motion is not an appropriate vehicle to commence a declaratory judgment action and must accordingly be denied. The plaintiff, however, is free to move this court for leave to amend her Complaint to include an action for declaratory judgment to the extent that such relief does not rest on injuries caused by the judgment of the General Sessions Court.

The plaintiff's *ex parte* motion for injunctive relief shall also be denied at this time. While the plaintiff has moved for a preliminary and permanent injunction, the injunctive relief the plaintiff seeks is more akin to a request for ultimate relief in the case. Indeed, the plaintiff has sought injunctive relief in her Complaint. (Docket No. 1 at 6.) Accordingly, the plaintiff's

request for injunctive relief shall be ruled upon by the court at a later time following the development of a more extensive factual record.

In light of the foregoing, the Magistrate Judge's August 3, 2011 Report and Recommendation (Docket No. 30) is **ACCEPTED** in part and **REJECTED** in part. Moreover, for the reasons stated herein, the plaintiff's *Ex Parte* Motion for Declaratory Judgment and Expeditious Preliminary Injunction and in Due Course Permanent Injunction (Docket No. 2) is **DENIED**. This case is referred back to the Magistrate Judge for further proceedings consistent with the referral Order.

It is so ordered.

Enter this 29th day of August 2011.

ALETA A. TRAUGER

United States District Judge