```
                UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION

MICKI HUNTER,                    )
                                 )
     Plaintiff,                  )
                                 )
        v.                       )   NO. 3:10-1164
                                 )   Judge Trauger/Bryant
BANK OF NEW YORK MELLON,         )   **Jury Demand**
et al.,                          )
                                 )
     Defendants.                 )
```

TO The Honorable Alta A. Trauger

## **REPORT AND RECOMMENDATION**

Defendant Michael F. Mondelli has filed his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket Entry No. 19). As grounds for this motion, defendant Mondelli relies upon (1) his judicial immunity as a General Sessions Judge; (2) plaintiff's failure to plead specifically her allegations of conspiracy; and (3) the lack of jurisdiction in this Court to enjoin the General Sessions Court.

Plaintiff has filed her response in opposition (Docket Entry No. 24) accompanied by her own affidavit (Docket Entry No. 25). Defendant Mondelli has filed a reply (Docket Entry No. 37).

For the reasons stated below in this report and recommendation, the Magistrate Judge **recommends** that defendant Mondelli's motion to dismiss be **granted** and that the complaint against him be **dismissed** with prejudice.

**Summary of Pertinent Facts**

The allegations pertaining to defendant Mondelli appear in paragraphs 16, 17, 18, 19, 20, 21 and 23 of the complaint. Summarizing those allegations, plaintiff alleges:

1. That on October 22, 2010, without plaintiff's knowledge, the detainer action filed against her by defendant Bank of New York Mellon was transferred to defendant Mondelli, a judge of the Davidson County General Sessions Court, for determination;

2. That defendant Mondelli granted judgment, "unsupported by a scintilla of evidence," in favor of defendant Bank of New York Mellon;

3. That defendant Mondelli "excluded evidentiary documents proffered by plaintiff" and relied upon "parole (sic) argument and ill advisement" by defendant attorneys for the bank;

4. That defendant Mondelli and attorneys for the bank "formed an alliance, and concurred on a non-existing foreclose and circumvention of the mortgage provisions and modification agreement" in granting judgment for detainer in favor of the bank;

5. That defendant Mondelli deprived plaintiff of a fair and impartial trial and deprived her of her property right in her home; and

6. The General Sessions Court lacked jurisdiction to hear and decide the state court detainer action "on the grounds of diversity and the amount in controversy."

**Standard of Review**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). She must plead well enough so that her complaint is more than "a formulaic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).

While a pro se complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. See Wells v. Brown, 891 F.2d

3

591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a <u>pro se</u> plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" <u>Dixie v. Ohio</u>, 2008 WL 2185487, at *1 (N.D. Ohio, May 23, 2008) (quoting <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### **Analysis**

<u>Judicial Immunity</u>. As a ground for his motion to dismiss, defendant Mondelli raises the doctrine of judicial immunity. In the case of <u>Mireles v. Waco</u>, 502 U.S. 9 (1991), the United States Supreme Court discussed the doctrine of judicial immunity as follows:

> Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial. *Pierson v. Ray*, 386 U.S., at 554, 87 S.Ct., at 1218 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). See also *Harlow v. Fitzgerald*, 457 U.S. 800, 815-819, 102 S.Ct. 2727, 2736-2739, 73 L.Ed.2d 396 (1982) (allegations of malice are insufficient to overcome qualified immunity).

4

> Rather, our cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. *Forrester v. White*, 484 U.S., at 227-229, 108 S.Ct., at 544-545; *Stump v. Sparkman*, 435 U.S., at 360, 98 S.Ct. at 1106. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id.*, at 356-357, 98 S.Ct., at 1104-1105; *Bradley v. Fisher*, 13 Wall., at 351.

502 U.S. at 11-12.

The jurisdiction of the General Sessions Court to hear and decide actions for wrongful detainer is a matter of state law. Tennessee Code Annotated section 29-18-107 provides as follows:

> **Jurisdiction of general sessions judge.** – All cases of forcible entry and detainer, forcible detainer, and unlawful detainer, may be tried before any one (1) judge of the court of general sessions of the county in which the acts are committed, who shall decide the particular case, and all questions of law and fact arising.

From the allegations in the complaint, which upon a motion to dismiss the Court is obligated to consider as true, the undersigned Magistrate Judge finds that (1) all alleged acts or omissions by defendant Mondelli giving rise to plaintiff's claims occurred in the course and scope of defendant Mondelli's judicial capacity as a General Sessions Judge, and (2) defendant Mondelli by explicit state law had jurisdiction to hear and determine the subject unlawful detainer action. Accordingly, the undersigned Magistrate Judge finds that the complaint against defendant

Mondelli should be dismissed under the doctrine of judicial immunity.

<u>Failure to plead the conspiracy claim with particularity</u>. The allegation upon which plaintiff's conspiracy claim against defendant Mondelli is based is found in paragraph 19 of the complaint. There, plaintiff alleges that defendant Mondelli and attorneys for the bank "formed an alliance, and concurred on a non-existing foreclose and circumvention of the mortgage provisions and modification agreement granting defendant's detainer." "It is 'well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'" *Feiger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). A plaintiff is required to provide "more than labels and conclusions" before she is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here plaintiff alleges merely that defendant Mondelli "formed an alliance" with the bank's lawyers and "concurred on a non-existing foreclose and circumvention of the mortgage provisions and modification agreement granting defendant's detainer." (Complaint at paragraph 19).

The undersigned Magistrate Judge finds that this allegation amounts to little more than labels and conclusions, and that it lacks material facts sufficient to state a claim for relief

6

when considered under the standards of Twombly. Therefore, the undersigned Magistrate Judge finds that the complaint against defendant Mondelli based upon an alleged conspiracy should be **dismissed** for failure to state a claim upon which relief can be granted.

The Anti-Injunction Act. Finally, defendant Mondelli argues that plaintiff's complaint fails to state a claim upon which relief can be granted because her request for an injunction staying the judgment of the General Sessions Court is prohibited by the Anti-Injunction Act, 28 U.S.C. § 2283. This statute states as follows:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

It appears that this Court has already concluded that, to the extent that plaintiff's complaint seeks injunctive relief from the judgment of the General Sessions Court, this Court lacks subject-matter jurisdiction. This Court has stated: "Moreover, to the extent the plaintiff's *ex parte* motion seeks injunctive relief from the judgment of the General Sessions Court on the grounds that the judgment itself is improper or illegal, the *Rooker-Feldman* doctrine would similarly preclude this Court from reviewing such a request for relief." (Docket Entry No. 43 at 6). Given this ruling of this Court, the undersigned Magistrate Judge finds that a

7

further consideration of the anti-injunction statute has been rendered moot.

## RECOMMENDATION

For the reasons stated above in this report, the undersigned Magistrate Judge finds that the motion to dismiss filed on behalf of defendant Mondelli (Docket Entry No. 19) should be **GRANTED**, and that the complaint against him be **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 6th day of February 2012.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge