UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| MICKI HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:10-1164 |
| | ) | Judge Trauger/Bryant |
| BANK OF NEW YORK MELLON, | ) | **Jury Demand** |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

TO The Honorable Aleta A. Trauger

### **REPORT AND RECOMMENDATION**

Defendant Bank of New York Mellon ("Bank") has filed its motion to dismiss (Docket Entry No. 12) asserting as grounds (1) lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine and (2) plaintiff's failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff Hunter filed her response in opposition (Docket Entry No. 24) supported by her own affidavit (Docket Entry No. 25). The Bank filed a memorandum in support of its motion (Docket Entry No. 34).[1]

For the reasons stated below in this report and recommendation, the undersigned Magistrate Judge **recommends** that

---

[1] The Bank's motion to dismiss, in the final sentence on the first page, references an "attached Memorandum of Law." Despite this reference, the undersigned Magistrate Judge found no supporting memorandum in the record. It appears that the only brief filed by the Bank in support of its motion is found at Docket Entry No. 34.

the Bank's motion to dismiss under Rule 12(b)(6) be **granted**.

### Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). She must plead well enough so that her complaint is more than "a formulaic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).

While a pro se complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic

pleading essentials" still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" Dixie v. Ohio, 2008 WL 2185487, at *1 (N.D. Ohio, May 23, 2008) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### Summary of Pertinent Facts

Plaintiff Hunter, proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that defendants have violated her rights under the due process clause of the Fourteenth Amendment to the United States Constitution. The undersigned Magistrate Judge summarizes the allegations in the complaint (Docket Entry No. 1) that pertain to defendant Bank, as follows:

Defendant Bank was the holder of a mortgage on plaintiff's home located at 1730 Knowles Street in Nashville, Tennessee. As the result of certain undescribed commercial transactions, plaintiff's monthly house payment increased significantly, and plaintiff sought a modification agreement with

3

the defendant Bank. Plaintiff alleges that she was denied the right to obtain a modification of her loan agreement, and that the Bank foreclosed on her home without notice to her.

Plaintiff further claims that the Bank employed the law firm of McCalla Raymer, PLLC and attorney Michael McCormick to file a civil action for wrongful detainer against her in the General Sessions Court of Davidson County, Tennessee. Plaintiff further alleges that at a hearing in this civil detainer action on October 1, 2010, Judge Gloria Dumas found that the Bank's evidence "was insufficient to order the detainer." Judge Dumas rescheduled the hearing for October 22, 2010, in order to "afford the defendant an opportunity to introduce evidence in support of their facts for detainer."

Plaintiff additionally alleges that on October 22, 2010, the detainer action was transferred to General Sessions Judge Michael Mondelli, who granted judgment in favor of the Bank, "unsupported by a scintilla of evidence." Plaintiff further claims that Judge Mondelli "excluded evidentiary documents proffered by plaintiff in support of her defense, and relied on parole (sic) argument and ill advisement by attorneys from the McCalla Raymer, PLLC's regarding the mortgage modification etc."

In paragraph 19 of her complaint, plaintiff Hunter alleges as follows: "Judge Michael F. Mondelli and attorneys for McCalla Raymer, PLLC formed an alliance, and concurred on a non-

4

existing foreclose (sic) and circumvention of the mortgage provision and modification agreement granting defendant's detainer." In paragraph 22 of the complaint, plaintiff alleges: "Defendant, Bank of New York Mellon, through their counsel of record and proxies obtained judgment by fraud in the General Sessions Court, Davidson County." Plaintiff further alleges that the bank "failed to fulfill their promise" in resolving the conflict with respect to default of the mortgage note. (Complaint at paragraph 24).

The complaint alleges that the foregoing acts by the defendant Bank violated plaintiff's constitutional rights guaranteed by the due process clause of the Fourteenth Amendment to the United States Constitution, and wrongfully deprived her of her home.

The *Rooker-Feldman* Doctrine. The first ground advanced by the Bank in support of its motion is lack of jurisdiction of this Court pursuant to the *Rooker-Feldman* doctrine (Docket Entry No. 34 at 2). The Court in its August 29, 2011, memorandum (Docket Entry No. 43) found that, although this Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine to grant certain relief sought by plaintiff, the Court is not without jurisdiction to consider other claims for relief arising from the conduct of third parties (Docket Entry No. 43 at 6). Specifically, the Court identified the following claims in the complaint as lying outside

5

the scope of the *Rooker-Feldman* doctrine: (1) that defendants Mondelli, McCalla and McCormick formed a conspiracy to grant the petition for detainer; (2) that defendant McCormick improperly influenced the General Sessions Court; (3) that defendants Bank, McCalla and McCormick obtained the state court judgment by fraud; and (4) that the Bank breached the mortgage agreement it had with the plaintiff. Id.

The Court determined that the *Rooker-Feldman* doctrine does not divest the Court of subject-matter jurisdiction to consider the above enumerated claims, since the Court found that these claims arise from conduct of third parties, as distinguished from injuries arising from the state court decision itself. Given this prior ruling by the Court, the undersigned Magistrate Judge finds that the Bank's claim that the *Rooker-Feldman* doctrine divests this Court of subject-matter jurisdiction of the entire complaint is without merit.

<u>Failure to state a claim upon which relief can be granted</u>. The second ground for defendant Bank's motion is an assertion that plaintiff's complaint consists primarily of labels and legal conclusions, and lacks sufficient factual specificity and particularity to state a claim upon which relief can be granted. In particular, the Bank argues that the complaint's allegations lack sufficient specificity to state a claim for fraud or conspiracy.

At the outset, the undersigned Magistrate Judge notes

6

that the United States Supreme Court has held that an official act of a state court judge as the product of a corrupt conspiracy is generally sufficient to state a claim under section 1983 against the private parties to the conspiracy.  See Dennis v. Sparks, 449 U.S. 24 (1980).  In the Dennis case, the court further held that the judicial immunity of the state court judge did not require dismissal of the action against the remaining private parties accused of conspiring with the judge. 449 U.S. at 28-29. Nevertheless, in expressing its ruling, the Dennis court stated as follows: "Of course, merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."  This observation brings into focus the issue raised by the Bank's motion – whether the allegations of conspiracy and fraud in the complaint are sufficient to state a claim upon which relief can be granted.

Rule 9(b) of the Federal Rules of Civil Procedure provides in pertinent part that "a party must state with particularity the circumstances constituting fraud or mistake." The Sixth Circuit Court of Appeals in a recent decision has further defined "the more rigorous pleading standards of Rule 9(b)," and has stated that plaintiffs, at a minimum, must allege "the time, place and content of the alleged misrepresentation on which they relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."  Heinrich v. Waiting Angels Adoption Services, Inc., ___F.3d___, 2012 WL 371947

7

at *5 (6th Cir. Feb. 7, 2012) (citing United States ex rel. Bledsoe v. Cmty. Health Sys., Inc., 342 F.3d 634, 643 (6th Cir. 2003). Additionally, the plaintiff's complaint must explain why the defendant's conduct was fraudulent. Frank v. Dana Corp., 547 F.3d 564, 570 (6th Cir. 2008).

Here, although plaintiff's complaint loosely suggests a fraudulent scheme to obtain judgment for the Bank in the state court detainer action despite insufficient evidence, the undersigned Magistrate Judge finds that plaintiff has failed to provide enough facts to support an allegation of fraud. See Favors v. Citimortgage, Inc., 2011 WL 4860045 at *3 (E.D. Tenn. Oct. 13, 2011). The complaint asserts that the General Sessions judge excluded certain evidence proffered by plaintiff at the trial, and accepted arguments offered by counsel for the Bank. (Complaint, Docket Entry No. 1, at paragraph 18). Although plaintiff at least impliedly claims that her evidence should have prevailed and that the Bank's evidence was insufficient to support a judgment, the fact that plaintiff lost at trial in the state court, even if the case were decided wrongly, does not necessarily lead to a conclusion that the judgment was procured through fraud. The undersigned Magistrate Judge, therefore, finds that the complaint lacks sufficient factual specificity to support a claim of fraud under Rule 9(b), and that the assertion of fraud amounts merely to a label or conclusion which the Court is not obligated to accept as true under Ashcroft v. Iqbal.

It is also well settled that conspiracy claims must be pled with a heightened degree of specificity, and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under section 1983. Fieger v. Cox, 524 F.3d 770, 776 (6th Cir. 2008) (citing Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987)). Accordingly, pleading requirements governing civil conspiracies are relatively strict. See, e.g., Fisher v. City of Detroit, 1993 WL 344261 at *5 (6th Cir. Sept. 9, 1993) (unpublished).

The Sixth Circuit has set forth the standard for proving a section 1983 conspiracy claim in Hooks v. Hooks, 771 F.2d 935 (6th Cir. 1985), as follows:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

Id. at 943-44. However, as the Supreme Court observed in the decision of Dennis v. Sparks, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." 449 U.S. at 28.

Here, the sole allegation concerning the existence of a conspiracy appears in a single sentence in paragraph 19 of the

9

complaint, which reads as follows: "Judge Michael F. Mondelli and attorneys for McCalla Raymer, PLLC formed an alliance, and concurred on a non-existing foreclose (sic) and circumvention of the mortgage provisions and modification agreement granting defendant's detainer." This conspiracy claim could not be more vague or conclusory. It is devoid of any facts supporting the existence of a conspiratorial agreement other than the fact that the judge decided the state court detainer action in favor of the Bank and against Ms. Hunter. The undersigned Magistrate Judge therefore finds that this allegation lacks sufficient material facts to satisfy the requirement that claims of conspiracy be pled with heightened specificity.

For the foregoing reasons, the undersigned Magistrate Judge finds that the allegations of the complaint, even when construed liberally, are insufficient to state a plausible claim for relief under § 1983 against the defendant Bank, and, therefore, that the Bank's motion to dismiss for failure to state a claim should be **granted**.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendant Bank's motion to dismiss should be **GRANTED**, and that the complaint against this defendant should be **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and

Recommendation in which to file any written objections to this Recommendation, with the District Court.  Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

      **ENTERED** this 10th day of February 2012.

                                               s/ John S. Bryant
                                               JOHN S. BRYANT
                                               United States Magistrate Judge