UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICKI HUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:10-CV-1164 |
| BANK OF NEW YORK MELLON, ) | |
| McCALLA RAYMER, PLLC, in its official ) | Judge Aleta A. Trauger |
| capacity, MICHAEL J. McCORMICK, ) | Magistrate Judge Bryant |
| personally and in his capacity as staff attorney ) | |
| for McCalla Raymer, PLLC, ) | |
| JUDGE MICHAEL F. MONDELLI, ) | |
| in his official and personal capacity, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the court is the Magistrate Judge's February 6, 2012 Report and Recommendation ("R&R"), which recommended that the Motion to Dismiss filed by defendant Judge Michael F. Mondelli (Docket No. 19) be granted. The plaintiff, Micki Hunter, proceeding *pro se*, has filed an objection to the R&R. (Docket No. 55.) For the reasons stated herein, the objections will be overruled and the R&R accepted.

## BACKGROUND

In the course of state court proceedings regarding possession of a household that once belonged to the plaintiff, defendant Bank of New York Mellon ("Bank") filed a detainer action against the plaintiff in the General Sessions Court for Nashville Davidson County, Tennessee. General Sessions Judge Gloria A. Dumas held an initial hearing, determined that the evidence presented was insufficient to order the detainer and rescheduled the case for a hearing on October 22, 2010. On October 22, 2010, the case was transferred to General Sessions Court

Judge Mondelli, who granted the Bank's petition for detainer. The plaintiff filed a notice of appeal to the Circuit Court, but then filed this case in federal court, which resulted in the dismissal of her state court appeal.

The plaintiff filed her Complaint in this case on December 10, 2010, broadly alleging that the defendants, individually and in concert, had acted to deprive her of the right to possess the Nashville household. With respect to Judge Mondelli, she alleges that Judge Mondelli had granted judgment in favor of the Bank "unsupported by a scintilla of evidence" and had improperly "excluded evidentiary documents proffered by plaintiff" and relied upon "parole [sic] argument and ill advisement" by the Bank's attorneys. She further alleges that Judge Mondelli "formed an alliance, and concurred on a non-existing foreclose [sic] and circumvention of the mortgage provisions and modification agreement" in granting judgment for detainer in favor of the Bank, thereby depriving her of the right to an impartial trial and her property right to her home. She also alleges that the General Sessions Court lacked jurisdiction to decide the state court detainer action "on the grounds of diversity and the amount in controversy." As relief, the plaintiff requests, *inter alia*, that this court enjoin enforcement of the judgment of the General Sessions Court. The plaintiff also filed an *ex parte* motion for several forms of declaratory relief.

With respect to the *ex parte* motion for declaratory relief, this court on August 3, 2011 ruled that, under the *Rooker-Feldman* doctrine, some aspects of the plaintiff's *ex parte* motion impermissibly sought federal district court review of a state court judgment. (Docket No. 43.) Among other things, the court held that, for lack of subject matter jurisdiction, it would be impermissible for this court to grant any request for injunctive relief from the judgment of the

2

General Sessions Court on the grounds that the judgment itself was improper or illegal. (*Id.* at pp. 5-7.)

In recommending that Judge Mondelli's Motion to Dismiss be granted, the Magistrate Judge found that dismissal was appropriate on three grounds: (1) Judge Mondelli is entitled to judicial immunity because his judgment in the detainer action was made within the scope of his duty as a General Sessions Judge and pursuant to a clear grant of statutory authority to adjudicate the detainer dispute (*see* Tenn. Code Ann. § 29-18-107 (2011)); (2) the plaintiff failed to plead her conspiracy claim with particularity; and (3) as previously stated in the court's August 3, 2011 order, the court lacks subject matter jurisdiction to grant injunctive relief from Judge Mondelli's judgment in the underlying detainer action.

The plaintiff timely filed an "Opposition to United States Magistrate John S. Bryant's Report and Recommendation," (Docket No. 55 ("Opposition")), which this court will construe as objecting to the R&R. In her "Opposition," the plaintiff does not identify any particular aspect of the R&R to which she objects. However, in general terms, she impugns the integrity, ability, and impartiality of Magistrate Judge Bryant in issuing the R&R. (*Id.* at pp. 1, 5.)

## **ANALYSIS**

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient, and will result in waiver of further review. *See Miller v.*

*Currie*, 50 F.3d 373, 380 (6th Cir. 1995). However, issues are not waived if the magistrate judge fails to warn the party of the potential waiver. *See Mattox v. City of Forest Park*, 183 F.3d 515, 519-20 (6th Cir. 1999).

Here, the plaintiff failed to file specific objections to the Magistrate Judge's R&R, as required for further review. The plaintiff was properly warned by the Magistrate Judge that objections to the R&R had to be filed within 14 days, and that "[f]ailure to file specific objections within [the specified time] can constitute waiver of further appeal of this Recommendation." (R&R at p. 8.) Accordingly, because the plaintiff's objections do not identify any specific issues that she wants the court to review, despite being adequately advised of the consequences for failing to do so, the court finds that the plaintiff has waived this court's review of the R&R. Regardless, the court finds that the Magistrate Judge properly dismissed the plaintiff's claims against Judge Mondelli for the reasons stated in the R&R. The plaintiff's hyperbolic *ad hominem* attacks on the integrity and competency of the Magistrate Judge are not properly founded objections to the R&R and, at any rate, are plainly unwarranted.

## CONCLUSION

For the reasons expressed herein, the plaintiff's objections are **OVERRULED**, and the Magistrate Judge's February 6, 2012 Report and Recommendation is **ACCEPTED** and made the findings of fact and conclusions of law of this court. Defendant Judge Mondelli's Motion to Dismiss (Docket No. 19) is **GRANTED,** and all claims against him in this case are **DISMISSED** with prejudice.

This case will be referred to the Magistrate Judge for further handling under the original referral order.

It is so ordered.

_____
ALETA A. TRAUGER
United States District Judge