# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MICKI HUNTER, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BANK OF NEW YORK MELLON, )<br>McCALLA RAYMER, PLLC, in its official )<br>capacity, MICHAEL J. McCORMICK, )<br>personally and in his capacity as staff attorney )<br>for McCalla Raymer, PLLC, )<br>JUDGE MICHAEL F. MONDELLI, )<br>in his official and personal capacity, )<br>)<br>    Defendants. ) | Case No. 3:10-CV-1164<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Bryant |

## MEMORANDUM AND ORDER

Pending before the court is the Magistrate Judge's February 10, 2012 Report and Recommendation ("February 10, 2012 R&R") (Docket No. 53), which recommended that the Motion to Dismiss filed by defendant Bank of New York Mellon ("Bank") (Docket No. 12) be granted. The plaintiff, Micki Hunter, proceeding *pro se*, has filed an objection to the February 10, 2012 R&R. (Docket No. 55.) The plaintiff also purports to assert an objection to the Magistrate Judge's August 3, 2011 Report and Recommendation ("August 3, 2011 R&R") (Docket No. 30), to which the plaintiff previously filed an objection on August 17, 2011 (Docket No. 35), and on which the court previously ruled on August 29, 2011 (Docket No. 43). For the reasons stated herein, the objections will be overruled and the February 10, 2012 R&R will be accepted.

## BACKGROUND

1

The plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, broadly alleging that the defendants, individually and in concert, had acted to violate her rights under the due process clause of the United States Constitution. The Bank was the holder of a mortgage on the plaintiff's home in Nashville, Tennessee. The plaintiff alleges that, after her house payments increased, the Bank denied her the opportunity to obtain a loan modification, foreclosed on her home without notice to her, and then initiated a wrongful detainer action against her in the General Sessions Court of Davidson County, Tennessee. She alleges that the Bank, through their counsel of record, formed a conspiratorial "alliance" with the presiding judge, defendant Judge Michael F. Mondelli ("Mondelli"), to secure a judgment in the Bank's favor by fraud.

The plaintiff also filed an *ex parte* motion seeking various forms of declaratory and injunctive relief. In the August 3, 2011 R&R, the Magistrate Judge recommended that the motion be denied based on the *Rooker-Feldman* doctrine, which divests federal courts of subject matter jurisdiction over claims alleging error in a state court decision. (Docket No. 30.) On August 17, 2011, the plaintiff filed timely objections to the August 3, 2011 R&R. (Docket No. 35.) On August 29, 2011, this court accepted in part and rejected in part the August 3, 2011 R&R, holding, in relevant part, that the theories of liability implicating the Bank for fraud and conspiracy were not encompassed by the *Rooker-Feldman* doctrine. (Docket No. 43 at pp. 6-7)

On February 10, 2012, the Magistrate Judge issued the February 10, 2012 R&R, which recommended that the Bank's pending Motion to Dismiss be granted. The Magistrate Judge found that, although the *Rooker-Feldman* doctrine does not divest the court of subject matter jurisdiction to consider the plaintiff's fraud and conspiracy claims against the Bank, the plaintiff failed to plead those claims with sufficient particularity and factual specificity, thereby

warranting dismissal.

The plaintiff timely filed an "Opposition to United States Magistrate Judge S. Bryant's Report and Recommendation," (Docket No. 55 ("Opposition")), which this court will construe as asserting timely objections to the February 10, 2012 R&R. The plaintiff also appears to assert an objection to the Magistrate Judge's August 3, 2011 R&R, on which the court had previously ruled in its August 29, 2011 order.[1]

In her "Opposition," the plaintiff does not identify any particular aspect of the February 10, 2012 R&R or the August 3, 2011 R&R to which she objects. However, in general terms, the plaintiff impugns the integrity, ability, and impartiality of Magistrate Judge Bryant in issuing these decisions. (*Id.* at pp. 1, 5.)

## **ANALYSIS**

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient, and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). However, issues are not waived if the magistrate judge

---

[1] The court has also construed the Opposition as asserting objections to a separate February 6, 2012 Report and Recommendation ("February 6, 2012 R&R") by the Magistrate Judge concerning defendant Mondelli's Motion to Dismiss. By separate order on February 29, 2012, the court overruled the plaintiff's objections to the February 6, 2012 R&R, accepted the recommendation, and granted defendant Mondelli's Motion to Dismiss with prejudice. (Docket No. 56.)

fails to warn the party of the potential waiver. *See Mattox v. City of Forest Park*, 183 F.3d 515, 519-20 (6th Cir. 1999).

Here, the plaintiff failed to file specific objections to the Magistrate Judge's February 10, 2012 R&R, as required for further review. The plaintiff was properly warned by the Magistrate Judge that objections to the R&R had to be filed within 14 days, and that "[f]ailure to file specific objections within [the specified time] can constitute waiver of further appeal of this Recommendation." (R&R at p. 10-11.) Accordingly, because the plaintiff's objections do not identify any specific issues that she wants the court to review, despite being adequately advised of the consequences for failing to do so, the court finds that the plaintiff has waived this court's review of the February 10, 2012 R&R. Regardless, the court finds that the Magistrate Judge properly dismissed the plaintiff's claims against the Bank for the reasons stated in the February 10, 2012 R&R.

In addition to suffering from the same infirmities as her objections to the February 10, 2012 R&R, the plaintiff's generalized objections to the August 3, 2011 R&R are plainly untimely and moot. That R&R was issued over six months ago, the plaintiff filed objections to that decision at the time, and the court already considered and ruled upon that R&R and the plaintiff's objections thereto in its August 29, 2011 order. Accordingly, the court will not reconsider the August 3, 2011 R&R or the court's August 29, 2011 order concerning it.

At any rate, the plaintiff's hyperbolic *ad hominem* attacks on the integrity and competency of the Magistrate Judge are not properly founded objections and are plainly unwarranted.

## **CONCLUSION**

For the reasons expressed herein, the plaintiff's objections to the February 10, 2012 Report and Recommendation are **OVERRULED**, and the Magistrate Judge's February 10, 2012 Report and Recommendation is **ACCEPTED** and made the findings of fact and conclusions of law of this court. The Bank's Motion to Dismiss (Docket No. 12) is **GRANTED,** and all claims against the Bank in this case are **DISMISSED** with prejudice. The plaintiff's purported objections to the August 3, 2011 Report and Recommendation are **OVERRULED** as untimely, moot, and without merit.

This case will be referred to the Magistrate Judge for further handling under the original referral order.

It is so ordered.

_____
ALETA A. TRAUGER
United States District Judge